**Robert "Say" McINTOSH, Plaintiff,**

**v.**

**Frank WHITE, et al., Defendants.**

**Civ. No. LR–C–82–153.**

United States District Court,
E.D. Arkansas, W.D.

Nov. 3, 1987.

Raymond Easterwood, Hollingsworth Law Firm, P.A., Little Rock, Ark., for plaintiff.

Steve Clark, Atty. Gen., Bill Luppen, Asst. Atty. Gen., Little Rock, Ark., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BOGUE, Senior District Judge.

This case is before this Court on remand from the Eighth Circuit Court of Appeals, 825 F.2d 184, sitting *en banc* and vacating the panel opinion dated April 14, 1987. As ordered in said remand this Court will reconsider this case in light of *Anderson v. Creighton*, —— S.Ct. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523.

Because of the *en banc* Court's reference to Anderson v. Creighton, supra, this reconsideration will be limited largely to the issue of qualified immunity pertaining to Defendants State Patrolmen Jerry Reinold and Barney Phillips.

All records, transcripts, and files of the earlier trial before the Honorable Henry Woods, United States District Judge, Eastern District of Arkansas, are by reference included herein and made a part hereof.

From all the records, transcripts, and files herein, as well as the testimony presented at the court trial before this Court, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Because there is no real issue as to Findings No. 1 through 21 entered by Judge Woods in the first trial of this case, and because these findings were affirmed on appeal, this Court adopts such findings as its own and by reference makes them a part hereof.

2. At the North Little Rock jail, Mr. McIntosh was charged with disorderly conduct, questioned, booked, and released on his own recognizance at 1:16 p.m., according to the records of the North Little Rock Police Department.

3. Judge Woods found that McIntosh's purpose in attending this private event was to make a disruptive and unsolicited speech on some topic of his choice in front of Vice President Bush and Governor White. The Eighth Circuit Court of Appeals in its opinion stated, "Although McIntosh makes no challenge to these findings, we have reviewed the record and conclude that the district court's findings are not clearly erroneous." It is urged by Plaintiff's counsel that such findings and ruling by the Eighth Circuit Court of Appeals refer only to the Plaintiff's first amendment claim. This is a totally unrealistic argument. Had the Appellate Court intended to limit its ruling as to Plaintiff's purpose, it would have clearly so stated. *The finding by Judge Woods, affirmed by the Eighth Circuit Court of Appeals, that Plaintiff's purpose in attending this private event was to make a disruptive and unsolicited speech on some topic of his choice in front of Vice President Bush and Governor White, is now a conclusive finding in this case and it is a finding which cannot be relitigated.* (emphasis supplied)

4. Plaintiff was dressed in a manner which attracted, and was intended to attract, immediate attention. At the time Plaintiff was intercepted by the officers, he was standing within 20 feet of two open doors leading into the private luncheon area. Again, he was repeatedly tendered a refund, advised that he would not be allowed to enter the private luncheon and asked to leave the premises. He refused to leave and insisted that he intended to enter the luncheon. Many ticket holders were going in and out of the dining area within a few feet of Plaintiff who was agitated and was raising his voice. He could have been easily heard and observed.

5. Other persons carrying placards were in the same general building, but on a different floor and were not indicating by word or deed that they were going to attempt to gain entrance to the luncheon area. No arrests were made of these people.

6. Ark.Stat.Ann. § 41–2908 (Repl.1977) defines disorderly conduct as disrupting or disturbing any lawful assembly or meeting of persons with the purpose to cause public inconvenience, annoyance, or alarm or recklessly creating a risk thereof.

7. All of the foregoing plus the security exigencies attendant upon the presence of the Governor of Arkansas and the Vice President of the United States clearly appeared to trigger the provisions of the disorderly conduct statute of Arkansas. Additionally, he was taunting the officers to arrest him and take him to jail. As he was leaving with the officers finally, he yelled to the entering ticket holders, "you peckerwoods, I shall return." Any reasonable officer under all those facts could have believed an offense was being committed in his presence and that probable cause existed for Plaintiff's arrest. Whether or not the Plaintiff was ultimately found guilty is not crucial in that the test is whether or not any reasonable officer could have believed, at the time, that the arrest was lawful, in light of clearly established law and information officers possessed.

8. There were exigent circumstances in abundance at that function. The Governor of Arkansas was present as was Mr. Bush, the Vice President of the United States. Secret Service personnel were swarming around the area and security was extremely tense and tight. The patrolmen were aware of all of these facts and also of the personality of Plaintiff who was well known for his bizarre actions for years prior to this incident.

9. At the time of the incident in question, Sergeants Reinold and Phillips, were acting as reasonable officers of the Arkansas State Police.

10. Any reasonable officer could have believed the arrest of Plaintiff to be lawful, in light of clearly established law and information arresting officers possessed. Their arrest of Plaintiff was objectively legally reasonable. The test is not what a court would believe while in the comfort and seclusion of its chambers.

11. It was not clearly established that the circumstances with which the patrolmen were confronted at the time of the arrest did not constitute probable cause and exigent circumstances.

12. Defendants Reinold and Phillips are entitled to judgment on qualified immunity grounds in that they have established as a matter of law that a reasonable officer could have believed that the arrest comported with the Fourth Amendment *even if it actually did not.*

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the Plaintiff's false arrest claim under 42 U.S.C. § 1983, and also pendent state law claims of false arrest and false imprisonment.

2. Mr. McIntosh's expressed intent to disrupt, plus his continuous refusal to leave the immediate proximity of the private luncheon, plus his increased agitation and rising voice, in addition to his letter of intention, all militate toward the inescapable conclusion that the two officers clearly were acting in good faith and had probable cause to justify their arrest and temporary imprisonment of Plaintiff McIntosh. They had probable cause for believing that an offense of disorderly conduct was being committed. They have sustained their burden of proof in this regard.

3. At the time of the incident in question, Sergeants Reinold and Phillips were acting as reasonable officers of the Arkansas State Police, and it is clear that any reasonable officer could have believed the arrest of the Plaintiff to be lawful, in light of clearly established law and information arresting officers possessed. The arrest was objectively legally reasonable, and from all the testimony, files and records in this case this court concludes that it was never clearly established that the circumstances with which the officers were confronted at the time of the arrest did not constitute probable cause and exigent circumstances.

4. Based upon the foregoing findings of fact and conclusions of law, and reconsidering this case in light of *Anderson v. Creighton,* —— U.S. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523, this Court therefore concludes that Plaintiff's claim of false arrest under 42 U.S.C. § 1983, and Plaintiff's pendent state law claims of false arrest and imprisonment should be dismissed with prejudice.

A Judgment in accordance with the foregoing will be filed by this Court.